MEMORANDUM **
Plaintiff Douglas B. Powell appeals the district court’s grant of summary' judgment to defendant The Hartford Life and Accident Insurance Company. Powell claims that Hartford abused its discretion in calculating his Monthly Rate of Benefits under his employer’s ERISA Plan by improperly pro rating his “MBO/Key Contributor Bonus.” He argues that the Bonus, which was awarded for work that he completed between January 1, 1995 and June 30,1995, should be pro rated over six months, the period to which it relates, and not over twelve months, which is what Hartford did. We disagree and affirm the district court.
When a plan confers discretion on a plan administrator “to determine eligibility for benefits or to construe the terms of a plan,” review is for abuse of discretion. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir.2006) (en banc) (citing Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). Here the Plan grants Hartford such discretion. But when “a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion.” Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008) (quotation marks and citation omitted). In this instance, Hartford operated under a conflict of interest because it both paid the Plan’s benefits and served as Plan administrator. Thus, our review is for abuse of discretion with consideration of Hartford’s conflict of interest as a factor.
Powell contends that the plain language of the Plan requires pro rating the Bonus over six months. But the Plan’s definition of “Monthly Rate of Basic Earnings,” defined as “the rate in effect on your last day as an Active Full-time Employee before becoming Disabled” is ambiguous. Nothing in the Plan states exactly how to pro rate a bonus to get a proper “rate in effect,” and the Plan itself does not define that term.
“Rate in effect on your last day” has a plain meaning when applied to regular pay, which is earned incrementally and at a known, fixed rate. As applied to bonuses, however, the phrase is ambiguous. Only with the benefit of hindsight can one discern any daily “rate” applicable to a bonus. The Plan unambiguously includes bonuses in the calculation of Monthly Rate of Basic Earnings, but “rate in effect on your last day” fails to account for the discretionary and variable nature of bonuses and is therefore ambiguous as applied to bonuses.
Hartford states that it has a policy to pro rate any bonuses earned in the year preceding a disability over twelve months, which is consistent with how the plan deals with other variable income sources, like commissions. That the Plan specifies the use of that method for commissioned employees does not logically make that method unreasonable or preclude Hartford from adopting it as a logical interpretation of ambiguous language with regard to non- *674 commissioned employees. Hartford followed this policy with respect to the Bonus, and nothing in the record suggests that Powell was singled out for unfair treatment according to such an internal policy. Indeed, with regard to another bonus, the “Patent Award,” which related to work over an indefinite period of time, but a period of time likely longer than a year, Hartford pro rated it over twelve months in determining Plaintiffs Monthly Rate of Basic Earnings. Thus, the internal policy of Hartford actually worked to Powell’s advantage with respect to the Patent Award.
Although we consider Hartford’s conflict of interest as a factor in determining whether Hartford abused its discretion, its interpretation of “rate in effect” was not “(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the record.” Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666, 676 (9th Cir.2011) (internal quotation marks omitted). Hartford’s uniform application of that interpretation did not constitute an abuse of discretion.
Plaintiff also argues that the doctrine of contra proferentem should apply here. But when an ERISA plan grants an administrator discretion, contra proferentem is inapplicable. See Day v. AT & T Disability Income Plan, 698 F.3d 1091, 1098 (9th Cir.2012).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.